UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ANTWAN BAKER,[1]           )
                           )
            Plaintiff,     )
                           )
      vs.                  )   Case No. 1:15-cv-00793-TWP-DML
                           )
DALE YOUNG detective, BRIMER detective,  )
DINGS detective, SORIA detective,        )
                           )
            Defendants.    )

**Entry Discussing Filing Fee and Screening the Complaint**

**I. Filing Fee**

Although the initial partial filing fee associated with this action has not been paid, Plaintiff Antwan Baker's response to the Order to Show cause reflects that he has made efforts to have the fee transmitted from his inmate trust account to the Clerk of the Court. Mr. Baker should continue his efforts to pay the filing fee.

**II. The Complaint**

Mr. Baker, an inmate at the Miami Correctional Facility, filed this civil action on May 20, 2015, against four law enforcement officers based on events which occurred in Hendricks County in 2012.

Mr. Baker is suing the defendants who are Marion County Police Department Detectives for arresting him in Hendricks County, which Baker asserts is "outside of their jurisdiction." Dkt. 1 at 3. Baker alleges that the defendants admitted placing a GPS tracking unit on his vehicle

---

[1] The Department of Correction's website reflects that the plaintiff's first name is "Antwan" not "Antwaun." The **clerk is directed** to update the docket accordingly.

without a warrant to track his vehicle's movements in June 2012. He was arrested on June 20, 2012. At that time, he consented to the search of his home under duress.

Mr. Baker further alleges that the defendants' actions lead to his current conviction. Mr. Baker pled guilty, but would not have if he had known that his arrest and the evidence found when he was arrested was illegally obtained and would have been inadmissible. Mr. Baker asks this Court to issue a written reprimand to the defendants. He also seeks Five Hundred Thousand Dollars to compensate him for emotional distress and pain and suffering.

## II.  Screening

The complaint is now subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The complaint is necessarily brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Suits under § 1983 use the statute of limitations and tolling rules that states employ for personal-injury claims. In Indiana, the applicable statute of limitations period is two years. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012); Ind. Code § 34–11–2–4.

This action was signed on May 18, 2015, after the expiration of Indiana's 2-year statute of limitations, with Mr. Baker's claims having accrued by no later than January 15, 2013, when he was sentenced in 49G20-1206-FA-042191 for dealing in cocaine or narcotic drugs. It is more likely, however, that his claims accrued even earlier on June 20, 2012, when he was arrested and

learned that the tracking device had been placed on his car without a warrant. In any event, even giving Mr. Baker all benefit of the doubt, he filed this action more than two years after his claims accrued.

"It is, of course, 'irregular' to dismiss a claim as untimely under Rule 12(b)(6). . . . However, . . . dismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads [himself] out of court by alleging facts that are sufficient to establish the defense." *Hollander v. Brown,* 457 F.3d 688, 691 n.1 (7th Cir. 2006) (internal citations omitted); *see also Koch v. Gregory*, 536 Fed. Appx. 659 (7th Cir. 2013) (stating that when the language of the complaint plainly shows that the statute of limitations bars the suit, dismissal under § 1915A is appropriate); *Brownmark Films, LLC v. Comedy Partners,* 682 F.3d 687, 690 (7th Cir. 2012).

Mr. Baker shall have through **August 17, 2015,** in which to show cause why this action should not be dismissed because each of the claims alleged is barred by the applicable statute of limitations.

**IT IS SO ORDERED.**

Date: 7/21/2015

*[signature]*
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ANTWAUN BAKER
DOC # 231028
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Inmate Mail/Parcels
3038 West 850 South
BUNKER HILL, IN 46914